# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY M. MORGAN,<br><br>      Plaintiff,<br><br>  v.<br><br>MARTHA MAYS, et al.,<br><br>      Defendants. | 1:16-cv-00149-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S THIRD MOTION REQUESTING THE APPOINTMENT OF COUNSEL, WITHOUT PREJUDICE<br><br>(ECF No. 21) |

      Plaintiff Anthony M. Morgan ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This case currently proceeds on Plaintiff's claim against Defendant Mays for delay of medical treatment in violation of the Eighth Amendment.

      Previously in this matter, Plaintiff filed two motions seeking the appointment of counsel, (ECF Nos. 7, 12), each of which were denied, (ECF Nos. 8, 13.) Currently before the Court is Plaintiff's third motion for the appointment of counsel in this matter, filed January 6, 2017. (ECF No. 21). In support of his current request, Plaintiff states that Defendant Mays has filed a demand for a jury trial, that this matter is complicated, and that he is indigent and has no way of hiring an attorney.

      As Plaintiff has been previously informed, he does not have a constitutional right to appointed counsel in this civil action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent him pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109

S. Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). <u>Rand</u>, 113 F.3d at 1525. Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." <u>Id</u>. (internal quotation marks and citations omitted).

     In the present case, the Court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases almost daily. Further, at this stage in the proceedings, the Court cannot find any likelihood of success on the merits. Also, based on a review of the record in this case, the court does not find that Plaintiff cannot adequately articulate his claims.

     Accordingly, it is HEREBY ORDERED that Plaintiff's third motion for the appointment of counsel, filed January 6, 2017 (ECF No. 21) is DENIED, without prejudice.

IT IS SO ORDERED.

   Dated:   **January 10, 2017**              /s/ *Barbara A. McAuliffe*         _
                                                     UNITED STATES MAGISTRATE JUDGE