# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY M. MORGAN,<br><br>        Plaintiff,<br><br>   v.<br><br>MARTHA MAYS,<br><br>        Defendant. | 1:16-cv-00149-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO PROSECUTE AND FAILURE TO OBEY COURT ORDERS<br><br>(ECF Nos. 26, 28, 29)<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Anthony M. Morgan is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This case currently proceeds on Plaintiff's claim against Defendant Mays for delay of medical treatment in violation of the Eighth Amendment.

**Background**

On February 22, 2017, Defendant Mays filed a motion to compel certain discovery responses. (ECF No. 26.) The time for Plaintiff to file any opposition to that motion expired, and Plaintiff did not respond. Local Rule 230(l). Accordingly, on March 27, 2017, the Court ordered Plaintiff to file an opposition or statement of non-opposition to Defendant's motion to compel within thirty days. (ECF No. 27.) No response was filed, nor did Plaintiff otherwise communicate with the Court.

On May 15, 2017, Defendant Mays filed a motion for sanctions, including dismissal of this action with prejudice. (ECF No. 28.) Defendant's motion is made on the grounds that Plaintiff has still not responded to discovery, or complied with the Court's March 27, 2017 order requiring a response to Defendant's motion to compel. The time for Plaintiff to file any opposition to that motion expired, and Plaintiff did not respond. Local Rule 230(l). Accordingly, on June 16, 2017, the Court ordered Plaintiff to file an opposition or statement of non-opposition to Defendant's motion for sanctions within fourteen days. (ECF No. 27.) Again, no response was filed, nor did Plaintiff otherwise communicate with the Court.

## Discussion

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Malone v. U.S. Postal Service, 833 F.2d 128, 130-33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439 (9th Cir. 1988).

Here, Plaintiff has been uncommunicative with the Court for over six months. Despite multiple attempts to communicate with Plaintiff and give him opportunities to respond to the pending motions discussed above, he has been non-responsive to the Court's orders. The last

communication the Court had from Plaintiff was his January 20, 2017 motion to put the case "on hiatus" while he was paroled and attempted to find counsel. (ECF No. 24.) That motion was denied, (ECF No. 25), and the Court has had no contact from Plaintiff since then. The Court cannot effectively manage its docket if a party ceases litigating the case. Thus, both the first and second factors weigh in favor of dismissal.

The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). Because public policy favors disposition on the merits, the fourth factor usually weighs against dismissal. Pagtalunan v. Galaza, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. In re PPA, 460 F.3d at 1228.

Finally, the court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. Ferdik, 963 F.2d at 1262; Malone, 833 at 132-133; Henderson, 779 F.2d at 1424. Both the Court's March 27, 2017 order and June 15, 2017 order expressly warned Plaintiff that his failure to comply with these orders would result in dismissal of this action for failure to prosecute and failure to obey a court order. (ECF No. 28, p. 2.; ECF No. 29, p.2) Thus, Plaintiff had adequate warning that dismissal could result from his noncompliance. Also, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Plaintiff is proceeding in forma pauperis in this action, making monetary sanctions of little use, and the preclusion of evidence or witnesses is likely to have no effect given that Plaintiff has ceased litigating his case.

In summary, Plaintiff filed this action but is no longer prosecuting it. The Court cannot afford to expend resources resolving unopposed dispositive motions in a case which Plaintiff is no longer prosecuting.

///

///

**Conclusion, Order and Recommendation**

Accordingly, the Court HEREBY DIRECTS the Clerk of the Court to randomly assign a district judge to this action.

The Court further finds that dismissal is the appropriate sanction and HEREBY RECOMMENDS that this action be dismissed for the failure to prosecute and for the failure to obey the court's orders.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendation, the parties may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The parties are advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **July 20, 2017**                    /s/ *Barbara A. McAuliffe*
                                                          UNITED STATES MAGISTRATE JUDGE